### DE MARCO v. DE MARCO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

**1. DIVORCE—DEFENSE—PLAINTIFF'S ADULTERY.**

In order that plaintiff's adultery may be successfully interposed as a defense to an action for divorce, it must be properly pleaded and supported by no less evidence than would be required to establish the charge if made by defendant as the basis of an action against plaintiff for divorce.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 192, 193.]

**2. SAME—PROOF.**

Where plaintiff's adultery, pleaded as a defense to an action for divorce, was testified to by but a single witness, and his evidence was improbable on its face and was categorically denied by plaintiff, it was insufficient to establish a defense.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 17, Divorce, §§ 414, 418.]

Appeal from Special Term, New York County.

Action by Celestino De Marco against Sabrino De Marco. From an order of the special term denying a motion to confirm a referee's report in favor of the granting of a divorce to plaintiff, he appeals. Reversed.

Argued before PATTERSON, INGRAHAM, LAUGHLIN, CLARKE, and SCOTT, JJ.

Payson Merrill, for appellant.

SCOTT, J. The plaintiff sued for an absolute divorce, alleging adultery on the part of the defendant. The latter answered, denying the adulteries charged against her, and by way of defense and counterclaim charged the plaintiff with adultery, and demanded a divorce in her favor. These charged were denied by the reply. The cause was sent to a referee, who, after taking testimony on behalf of each party, reported that the defendant had been guilty of the adulteries charged against her, and that "the testimony adduced on behalf of the defendant does not sustain the allegations set forth in her counterclaim to the plaintiff's complaint, wherein she alleges that the plaintiff has committed acts of adultery entitling the defendant to a decree of divorce as against the plaintiff"; and he further reported as a conclusion of law that the plaintiff was entitled to an absolute divorce as prayed for in the complaint. A motion to confirm the report and for an interlocutory judgment in accordance therewith was duly made at Special Term upon notice to the defendant's attorneys, who did not, however, appear or oppose the motion. The justice before whom the motion came on for hearing, upon his own motion, denied it, and entered the order from which this appeal is taken. The order contains no statement of the reasons for which the motion was denied, and none are apparent upon the record. The proceedings were regular, the evidence was sufficient to justify the findings of the referee, and the case contains no suggestion or indication of fraud upon the court or of collusion between the parties. The order upon the record, therefore, stands without legal support. The printed papers, however, contain a memorandum by the justice in which he says that "the proofs warrant the conclusion that the plaintiff was guilty of acts of marital infidelity as well as the defendant. Under such circumstances I do not think that the report of the referee should be confirmed." The learned justice speaks of "acts" of infidelity, using the plural form of the verb, from which it may be inferred that the evidence left on his mind the impression that the plaintiff had been guilty of acts of infidelity other than those specifically charged in the answer, for of these latter no evidence whatever was produced save as to a single act. If the denial of the motion proceeded upon this ground it was erroneous, for it is necessary, in order that the plaintiff's adultery shall be successfully interposed as a defense, that it should be properly pleaded, and should be supported by no less evidence than would be required to establish the charge if made by the defendant as the basis of an action against the plaintiff for a divorce. Pollock v. Pollock, 71 N. Y. 137. The answer charges the plaintiff with three acts of adultery—one in Kentucky in 1890; one in Arkansas in 1896; and one at 102 Mott street, in this city, in 1895. The only evidence offered which tended to support any of these charges was with reference to the act charged as having been committed in Kentucky. The defendant was permitted to offer some evidence respecting an alleged admission by plaintiff that he had been guilty of adultery at 247

Mulberry street, in this city; but it was afterwards properly stricken out by the referee, and should never have been admitted at all. The only evidence, therefore, tending to prove any of the specific acts of adultery charged against the plaintiff in the answer was that respecting the alleged adultery in Kentucky in the year 1900, as to which the referee reported that the charge had not been sustained. If the learned justice denied the motion to confirm the referee's report because he deemed this finding unwarranted, we must construe his action as equivalent to a finding that the evidence established the plaintiff's guilt as to the adultery charged as having been committed in Kentucky in 1900. If this be the ground upon which the motion was denied, we still think that its denial was erroneous. The adultery was testified to by but a single witness, and his evidence bears the stamp of improbability upon its face, and is categorically denied by the plaintiff. Certainly the evidence was not such as would have justified a decree of divorce in favor of the defendant, and, if it was not, it did not suffice to establish a defense to plaintiff's action.

The order must be reversed, with $10 costs and disbursements and the motion granted, and the cause remitted to the Special Term for entry of an interlocutory decree. All concur.

---

### CARMICHAEL v. JOHN HANCOCK MUT. LIFE INS. CO.

(Supreme Court, Appellate Division, First Department. December 7, 1906.)

INSURANCE—AVOIDANCE OF POLICY—CONDITIONS—HEALTH OF INSURED.

>  Recovery could not be had on a policy of life insurance issued to a person not in sound health on its date, where insured's application provided that such policy should not be binding on the company unless the applicant should be alive and in good and sound health at noon upon its date.

>  [Ed. Note.—For cases in point, see Cent. Dig. vol. 28, Insurance, §§ 681–690.]

Appeal from Appellate Term.